Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL LANZINI,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.,<br><br>Defendant. | **COMPLAINT**<br><br>Case Number: 2:11-cv-00387-PMW<br><br>**JURY TRIAL DEMANDED** |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

### II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

### III. PARTIES

3. Plaintiff, Michael Lanzini ("Plaintiff"), is a natural person residing in Salt Lake County, Utah.

1

4. Defendant, Transworld Systems, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to take legal action against Plaintiff. Defendant never had authorization from the current creditor to take legal action, nor did Defendant have any imminent intent to take such action (§ 1692e(5)).

10. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including drafting and submitting to Plaintiff's bank a fraudulent remotely created check. Plaintiff agreed to payments of $100/mo. with Defendant on his bill to Paul Mitchell Academy. Defendant wanted $300, but Plaintiff told him he couldn't afford that and clearly forbid Defendant from taking out that amount without express authorization from Plaintiff. Defendant took out $100 the first month, then took out $300 without authorization the next month (January 2011). Defendant created a fraudulent remotely created check for $300 for

that transaction (§ 1692f)).

11. Failing to notify Plaintiff in writing not more than ten nor less than three days before depositing a post-dated check that was post-dated by more than 5 days (§ 1692f(2)).

12. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15. To the extent Defendant's actions, detailed in the paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e & 1692f.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages pursuant to 15 USC 1692k;

C.      Statutory damages pursuant to 15 U.S.C. § 1692k;

D.      Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.      For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Dated this 28th day of April, 2011.

                                            **TRIGSTED LAW GROUP, P.C.**

                                            _____

                                            Joshua Trigsted
                                            *Attorney for the Plaintiff*